,W. E. AYERS v. WALTER H. TENNEY & COMPANY.

FILED JUNE 2, 1896.   No. 6647.

Review: SUFFICIENCY OF EVIDENCE.   In this case there is involved no
question other than of fact, and the findings being sustained by
sufficient evidence, the judgment is affirmed.

ERROR from the district court of Saline county.   Tried below before HASTINGS, J.

*J. H. Grimm, L. W. Colby,* and *G. R. Chaney,* for plaintiff in error.

*Hastings & McGintie, contra.*

RYAN, C.

This action was brought by the defendants in error against the plaintiff in error and F. O. Ayers in the district court of Saline county, for the collection of a promissory note for $405.80, made October 3, 1890.   This note was due four months after its date.   The controversy between the parties to this note was as to whether or not it had been paid.   On January 24, 1891, which was before

it matured, this note was in the De Witt Bank for collection. This bank, on the day last named, telegraphed the payees of the note as follows: "Ayers Bros. in bad shape. Say will ship what goods they have of yours, prepaying freight, if you will take them as billed to them. Instruct." On the same day the following telegram was received in answer: "Have Ayers ship back the goods as suggested. See that it is done at once." This bank, on January 27, 1891, telegraphed as follows: "Enough goods have been shipped back for Ayers Bros.' note." On the day preceding the date of the last above telegram there was given to Ayers Bros. the following receipt:

"Received of Ayers Bros. goods to the value of four hundred and five and 80-100 dollars, in boots, shoes, and slippers, as per invoice attached, for Walter H. Tenney & Co., Boston, Mass.          By C. B. ANDERSON,
                                                      "*Agent.*"

The above C. B. Anderson, at the time of the signing of the above receipt, was cashier of the De Witt Bank. The invoice referred to was put in evidence by the defendants in error, and upon it was designated the goods which Ayers Bros. had received from W. H. Tenney & Co. There was no attempt to controvert the correctness of these designations, and they were therefore properly allowed as credits upon the note. There was judgment for the balance in the sum of $369.40, and the plaintiff in error, who alone had answered in the district court, now urges that the credit should have been of the entire amount of the invoice. The proposition by the first telegram was to "ship back what goods they have of yours," that is, what goods obtained from W. H. Tenney & Co. were held by Ayers Bros. The response authorized only shipment back of goods "as suggested." The bank receipted for goods invoiced as having been shipped to an amount in value sufficient to pay the note on the 26th, and not until the 27th notified the payee of the fact. It was then too late for the payee to prevent the shipment.

When the consignment was received the goods contemplated by the first and second telegrams were accepted as agreed; the remainder were stored subject to order of the consignor. Neither the bank nor Mr. Anderson was constituted the agent of Tenney & Co. for the settlement of the note by receiving goods. The direction to the bank was to have certain goods shipped as had been suggested. It was shown by the evidence that the plaintiff in error was aware of the contents of the first two telegrams, so that he was not deceived as to the limited nature of the bank's authority. The judgment of the district court is

AFFIRMED.